# IN THE COURT OF APPEALS OF IOWA

———————————

No. 24-2081
Filed July 22, 2026

———————————

**Eddie J. Hicks,**
Applicant–Appellant,
v.
**State of Iowa,**
Respondent–Appellee.

———————————

Appeal from the Iowa District Court for Dubuque County,
The Honorable Monica Zrinyi Ackley, Judge.

———————————

**AFFIRMED**

———————————

Eddie J. Hicks, Fort Madison, self-represented appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Schumacher, P.J.

**SCHUMACHER, Presiding Judge.**

Eddie Hicks appeals the district court's dismissal of his second application for postconviction relief (PCR), wherein the district court determined it was filed more than three years past the statutory limitation period set forth in Iowa Code section 822.3 (2022) and found it alleged identical claims previously addressed on direct appeal and in his first PCR proceeding. Upon our review, we affirm.

## I.     Background Facts & Proceedings

Hicks was convicted of first-degree murder in 2017 for the death of Kahdyesha Lemon. The underlying facts of Hicks's conviction, direct appeal, and the initial PCR proceeding were summarized in this court's opinion from Hick's appeal of the denial of his first PCR application. *See Hicks v. State*, No. 20-0610, 2021 WL 5918312, at *1–3 (Iowa Ct. App. Dec. 15, 2021). In that appeal, Hicks raised a claim "based on an alleged *Brady* violation arising from the State's failure to hand over multiple glass shards that were produced by the breaking of a glass table during the struggle." *Id*. at *3. Regarding the alleged suppression of the broken glass evidence, we stated:

> The district court found the issue of withholding evidence was already decided by this court on Hicks's direct appeal. In particular, the district court noted that the court of appeals found, "[t]he [trial] court ordered the materials be provided to Hicks. Nothing in the record indicates the State failed to comply with the order." We agree. As such, Hicks cannot raise this claim in his PCR action because it was already decided on direct appeal. Iowa Code § 822.8 ("Any ground finally adjudicated . . . in any . . . proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application . . . .").
>
> Even if the issue was not foreclosed by Hicks's direct appeal, he cannot establish a *Brady* violation. First, Hicks cannot establish

2

suppression of evidence. While Hicks's PCR counsel ultimately found the evidence the State claimed it never had, there is no evidence the State suppressed it from the defense. The evidence was easily located and promptly turned over once PCR counsel decided to look for it. Trial counsel had the same ability to find it—it was always listed on the inventory logs. Hicks's attorneys had all the information they needed to obtain the glass shards. Thus, there was no suppression.

*Id.* at *4 (first and third citations omitted). Hicks now appeals from his second PCR proceeding, asserting the district court improperly dismissed his claim, finding it was cumulative and time-barred.

## II.     Analysis

We review dismissal of a PCR application and statute-of-limitations defenses for correction of errors at law. *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020).

Hicks contends that he is raising a new ground of fact concerning the broken glass evidence that was not provided by the State during the initial trial proceedings. He asserts claims of prosecutorial misconduct, abuse of discretion, and ineffective assistance of his initial PCR counsel. Because his first PCR counsel was able to locate the broken glass after the direct appeal, Hicks argues this PCR is not time-barred by Iowa Code section 822.3, which states:

> All other applications must be filed within *three years* from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law *that could not have been raised* within the applicable time period.

(Emphasis added). The State argues that error is not preserved as "[t]here was no argument that any fact giving rise to one of these claims (other than his PCR counsel's performance during his first PCR) was not known or

knowable during the three-year limitations period." We elect to address the merits of Hicks's claims.

Hicks asserted in his second PCR petition that "[t]his matter is excluded from the statute of limitations" because "it deals with material grounds of fact and law" that were unknown to him during the applicable three-year limitations period. *See id*. But Hicks now claims that he "discovered the glass evidence after direct appeal" in 2019. The district court, in its dismissal order, stated:

> The Defendant was convicted on January 24, 2017. The conviction was affirmed and the appeal concluded by entry of Writ of Procedendo on July 16, 2018. Three years from this date, by operation of the limitation period set forth in the code, would therefore be July 16, 2021. The present application was filed in March of 2022. It alleges identical challenges to the verdict as the appeal and the first application for post-conviction relief. The amendment again raises ineffective assistance of counsel and focuses on post-conviction counsel. It does not establish a factual or legal ground that was not already addressed or could not be raised on appeal, in the first post-conviction application, all within the limitations period.

(Footnote omitted). The fact that Hicks discovered the glass evidence in 2019 disqualifies it as a new "ground of fact." *Id*. Further, his claim regarding the glass shards was raised and litigated in the first PCR proceeding. *Id*. (stating the limitation period does not apply to a ground of fact "that could not have been *raised* within the applicable time period" (emphasis added)); Iowa Code § 822.8 ("Any ground finally adjudicated . . . in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent [PCR] application."). Lastly, Hicks made no argument to the district court describing how the glass shards qualify as a new ground of fact, instead focusing on his ineffective-assistance-of-counsel claim relating to the prior PCR proceedings. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (discussing error preservation); *Mott v. State*, No. 21-1427, 2023

4

WL 2671905, at *1 n.3 (Iowa Ct. App. Mar. 29, 2023) (determining the defendant failed to "name any newly discovered evidence," thus waiving the issue).

And because Hicks brought this PCR action based on ineffective assistance of counsel absent any legal or factual ground that was not previously addressed or could not have been raised on appeal, section 822.3 bars the application. "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." Iowa Code § 822.3. The district court did not err in finding this PCR application is barred by section 822.3's limitation period.

Hicks also alludes to a constitutional violation of due process based on alleged ineffective assistance of counsel in the first PCR, because, as he claims, he could not pursue claims based on the glass shard evidence. We agree with the district court that this claim is one of the many identical claims that either could have been or were raised on direct appeal and in the initial PCR. Accordingly, this claim is barred by section 822.3.

## III. Conclusion

For the above reasons, we affirm the district court's dismissal of Hicks's PCR application.

**AFFIRMED.**